This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**KRISTI J. HASSELSTROM,**

    Petitioner-Appellant,

v.                                  **NO. 30,891**

**DONALD W. SCOTT**,

    Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Elizabeth E. Whitefield, District Judge**

Rodey, Dickason, Sloan, Akin & Robb, P.A.
Edward Ricco
Albuquerque, NM

for Appellant

Donald W. Scott
Rio Rancho, NM

Pro Se Appellee

**MEMORANDUM OPINION**

**VANZI, Judge.**

Petitioner (Mother) appeals from an order denying various motions, and she is also contesting previous orders regarding child support and periods of parental responsibility for Mother's three children. We issued a calendar notice proposing to dismiss. Mother has filed a memorandum in opposition. We affirm.

As we have previously stated in Mother's first appeal, "[i]n civil cases, this Court has jurisdiction over, among other things, any final order after entry of judgment which affects substantial rights[.]" *Khalsa v. Levinson*, 1998-NMCA-110, ¶ 12, 125 N.M. 680, 964 P.2d 844 (internal quotation marks and citation omitted). "Whether an order is a final order . . . is a jurisdictional question that an appellate court is required to raise on its own motion." *Id.* In a divorce proceeding involving issues over which the district court has continuing jurisdiction, a decision by the district court that resolves fewer than all of the issues presented by post-decree motions is not final and appealable unless "(1) the trial court expressly determines, pursuant to Rule 1-054(C)(1) NMRA . . . that there is no just reason for delay and expressly directs entry of judgment and (2) the matters adjudicated are not intertwined with issues that remain unresolved." *Khalsa*, 1998-NMCA-110, ¶ 2.

In this case, the record reflects a procedural morass, in which multiple motions were filed, and the orders on those motions did not always address all of the issues raised and often seemed to contemplate further proceedings. Mother is now

attempting to appeal from an October 12, 2010, order. Mother correctly observes that the order denies the pending motions, and therefore appears initially to be final. However, the order states: "Petitioner's motions are denied as her means of obtaining necessary information have not been exhausted." [RP 398] Our calendar notice construed this language to mean that Mother's motions are denied without prejudice, and will be addressed once Mother has provided the court with a factual record sufficient to rule on the merits. Because the further action is contemplated by the district court order, and the order is not certified pursuant to Rule 1-054(C)(1), we proposed to dismiss. *See Eberline Instrument Corp. v. Felix*, 103 N.M. 422, 425, 708 P.2d 334, 337 (1985).

In her memorandum in opposition, Mother refers us to the doctrine of practical finality, which permits immediate review of orders that might otherwise not be considered final because any future review is effectively unavailable. [MIO 3] Mother argues that she has a statutory right to review the documents in question, and she should not have to seek them through subpoena. We believe that the issue is the availability of the information in question. Either the materials will be made available to her, in which case she can seek costs related to the subpoena, or they will not be made available to her, in which case she may raise the statutory issue on appeal. In light of these outcomes, we do not believe that Mother's concerns outweigh our

firmly-rooted rules governing finality.  To the extent that Mother believes that there are strong public policy reasons for reaching out to this issue at this point [MIO 4], we believe that this argument should be made as a basis for seeking interlocutory review.

For the reasons discussed above, we dismiss the appeal.

**IT IS SO ORDERED.**


_____
**LINDA M. VANZI, Judge**


**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**TIMOTHY L. GARCIA, Judge**